UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CRAIG E. V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-04053-SLD-JEH |
| ) | |
| ANDREW SAUL, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Craig E. V. filed an application for disability insurance benefits. The Commissioner of Social Security, Andrew Saul ("the Commissioner"), denied his application, and Craig seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. Before the Court are Craig's Motion for Summary Judgment, ECF No. 10, the Commissioner's Motion for Summary Affirmance, ECF No. 12, and United States Magistrate Judge Jonathan E. Hawley's Report and Recommendation, ECF No. 14, which recommends granting Craig's motion and denying the Commissioner's motion.

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge must "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). A party may file written objections to the Report and Recommendation within fourteen days of its service. *See id*. 72(b)(2). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. 72(b)(3). Any unobjected portions will be reviewed for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's Report and Recommendation, so the Court reviews it for clear error. The Court notes that Judge Hawley's

1

review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks omitted). While the ALJ "is not required to provide a complete and written evaluation of every piece of testimony and evidence," he "must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). On review, a court cannot reweigh the evidence, decide questions of credibility, or substitute its own judgment but must "nonetheless conduct a critical review of the evidence." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011).

After reviewing the Report and Recommendation, the parties' motions and memoranda, the record, and the applicable law, the Court finds no clear error. Accordingly, the Report and Recommendation, ECF No. 14, is ADOPTED. Plaintiff Craig E. V.'s Motion for Summary Judgment, ECF No. 10, is GRANTED, and the Commissioner's Motion for Summary Affirmance, ECF No. 12, is DENIED. Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision in this matter is REVERSED, and the cause is REMANDED for further proceedings consistent with the Report and Recommendation. The Clerk is directed to enter judgment and close the case.

Entered this 16th day of June, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
