E-FILED
Tuesday, 19 April, 2022  10:43:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CRAIG E. V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-04053-SLD-JEH |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff Craig E. V.'s motion for attorney's fees, ECF No. 18.  Craig

requests that the Court award him attorney's fees amounting to $10,000.00 and costs amounting

to $400.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which

provides that a court may award fees and expenses to a prevailing party in any civil action

brought by or against the United States.  For the following reasons, the motion is GRANTED.

**BACKGROUND**

Craig filed this suit on March 5, 2020, seeking judicial review of the Commissioner of

Social Security's ("the Commissioner") final decision denying his claim for disability benefits.

Compl. 1, ECF No. 1.  On September 30, 2020, Craig moved for summary judgment, ECF No.

10, and the Commissioner moved for summary affirmance on November 16, 2020, ECF No. 12.

The Court ultimately granted Craig's motion, denied the Commissioner's motion, reversed the

Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. §

405(g).  June 16, 2021 Order 2, ECF No. 15.  Judgment was entered on June 17, 2021.

Judgment, ECF No. 16.  The Commissioner filed an initial stipulation for attorney's fees on

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted for her predecessor.  The Clerk is directed to update the docket accordingly.

September 8, 2021, and, upon the Court's request, *see* Dec. 1, 2021 Text Order, Craig filed the

instant motion on December 6, 2021.  The Commissioner does not oppose his motion.  Mot.

Att'y Fee 1.

**DISCUSSION**

**I.      Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to

recover his attorney's reasonable fees and other reasonable expenses if: (1) he is a "prevailing

party"; (2) the government's position was not "substantially justified"; (3) there exist no special

circumstances that would make an award unjust; and (4) he filed a timely application with the

district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir.

2003).

First, Craig is a "prevailing party" within the meaning of the EAJA by virtue of having

had judgment entered in his favor and his case remanded to the Commissioner for further review.

*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the

litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex.

State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming

prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in

litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in

original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Craig's request for fees and costs is timely.  Section

2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application

for fees and expenses within 30 days of final judgment in the action.  The term "final judgment"

refers to judgments entered by a court of law, not decisions rendered by an administrative

agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e*., 30 days after the time for appeal has ended."). Here, judgment was entered on June 17, 2021, and the initial stipulation was filed on September 8, 2021, 83 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B), meaning that Craig had 90 days from entry of judgment to make an EAJA application. Because the motion for fees and costs falls within this window, the Court finds the request is timely.

The next issue is whether the government's position was "substantially justified." Fees and other expenses may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Craig's request for fees and costs is unopposed by the Commissioner. *See* Mot. Att'y Fees 1. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award unjust.  Therefore, Craig is entitled to recover reasonable attorney's fees and other expenses under the EAJA.

## II.    Reasonableness of Craig's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate.  *Id.* at 433.  The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate.  Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience.  An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Craig's attorney's itemization of hours.  *See* Att'y Time Statement 3–4, ECF No. 18-1.  The itemization shows that Craig's attorney spent 60.1 hours on his case.  *Id.* at 4.  The Court finds that all 60.1 hours spent on this case were appropriately billed.  *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Craig asserts that his attorney's work should be compensated at an hourly rate of $205.00.  Mot. Att'y Fees 1.[2]  To justify the requested rate, he points to the change in the consumer price index ("CPI")[3] between the time Congress set the rate cap at $125 per hour (March 1996) and the time his attorney performed work on this case.  *See id.* at 1–2.  He points to rates awarded by attorneys providing similar quality representation in other federal contexts and notes that $205.00 "would be viewed as comically low"; he further states that his attorney regularly charges other disability firms $595.00 per hour in non-contingent cases.  *Id.*[4]

The Court finds that an increase above the statutory $125 ceiling is warranted both by the change in the CPI and by the information provided by Craig in his motion and attorney's attached statement indicating that the requested rate is not excessive.  To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

---

[2] While Craig asks for an hourly rate of $205.00, Mot. Att'y Fees 1, and the itemization of hours shows his attorney worked 60.1 hours, Att'y Time Statement 4, he seeks only $10,000.00 in attorney's fees pursuant to an agreement with the Commissioner, Mot. Att'y Fees 3, rather than the $12,320.50 that would result from multiplying $205.00/hour by 60.1 hours.

[3] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI.  *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs).  Craig does not explicitly specify whether he uses a regional CPI or the national CPI; he does not provide any of his calculations to the Court.  However, he cites to a website showing inflation from March 1996 to the present which uses the national CPI.  *See* Mot. Att'y Fees 2 n.3 (citing *CPI Inflation Calculator*, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited April 11, 2022)).  The Court will likewise use the national CPI in calculating the effect of the CPI increase on the statutory $125 hourly rate.

[4] Craig also points to the Laffey Matrix to support his assertion that an hourly rate of $205.00 is reasonable.  Mot. Att'y Fees 2.  This Court has previously held that "the Laffey Matrix, a chart of hourly rates for attorneys and paralegals in the Washington, D.C. area, is at best a useful starting point, and not particularly dispositive, as to the prevailing market rate[s] . . . in the Central District of Illinois."  *Andrew F. v. Kijakazi*, Case No. 4:19-cv-04194-SLD-JEH, 2021 WL 5311328, at *4 (C.D. Ill. Nov. 15, 2021) (quotation marks omitted).  Because the Court finds that an hourly rate of $205.00 is reasonable for other reasons, it does not address the Laffey Matrix here.

The work in this case was performed between February 2020 and December 2021.  Att'y Time Statement 3–4.  The average national CPI during that period, calculated using the CPI of every month from February 2020 to December 2021, is 265.191.  *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2022) (last visited April 11, 2022).  As the CPI in March 1996 was 155.7, *id.*, the CPI had increased by a factor of 1.70322.  An increase of the $125 statutory cap to $212.90 is therefore warranted.  This exceeds the hourly rate sought, and the Court thus finds that an hourly rate of $205.00 is reasonable.  Using that rate, the total amount of attorney's fees for the 60.1 hours of work Craig's attorneys performed is $12,320.50.  He requests a lesser amount of $10,000.  Mot. Att'y Fees 3.  This amount is reasonable.  *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).  The Court also finds the requested $400.00 in costs appropriate, for a total award of $10,400.00.

## CONCLUSION

Accordingly, the motion for attorney's fees, ECF No. 18, is GRANTED.  Plaintiff Craig E. V. is awarded $10,000.00 in attorney's fees and $400.00 in costs.  This amount may be offset to satisfy any pre-existing debt that Craig owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  If Craig provides a valid assignment of fees and the Commissioner can verify that Craig does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Craig's attorney.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d

421.  If Craig does owe a pre-existing debt subject to offset in an amount less than the EAJA

award, the Commissioner will instruct the U.S. Department of the Treasury that any check for

the remainder after offset be made payable to Craig and mailed to the business address of Craig's

attorney.

    Entered this 19th day of April, 2022.

                                        s/ Sara Darrow
                                    SARA DARROW
                        CHIEF UNITED STATES DISTRICT JUDGE